The opinion of the court was delivered by
Gibson, C. J.
This is an exceedingly plain case. A testator directs his property to be equally divided among his children, but orders that debts owing to him by any of his sons or sons-in-law, except those forgiven in the will, be deducted from the share of such son or son-in-law;, and that the residue only be paid to him, whether given immediately or in trust. The share, allotted to the wife of a son-in-law indebted to him by mortgage, he gives to her separate use; and the question, is whether the mortgage was merged in her share and 'extinguished by it, or whether, though deducted from the share, it remains an unsatisfied incumbrance on the mortgagor’s land. If the latter, it would follow that neither the daughter nor her husband got any thing like an equal share of her father’s estate. The argument on the other side is, that as the mortgage was not forgiven, it necessarily remains a charge in favour of the executors, not for the benefit of creditors (for there were none) but for the separate benefit of the mortgagor’s wife, and the other children. It follows not, however, that because not forgiven, it may not be satisfied out of the wife’s share. It is better for her that it should be so, than that she should get a sixth of it to her separate use. If it had been forgiven, it would have ceased to be a debt, and it would have been absurd to order it to be deducted. To do so would have been to forgive it to the husband, but to remember it to the wife. It was because it was not forgiven; that it was to be remembered in the general division. How else could the testator direct it to be satisfied by retaining it out of the wife’s portion ? It is said, that would not benefit the wife, who is supposed to have been the principal object of the testator’s bounty. Would it not benefit her to have her husband’s debt paid and his land disencumbered 1 But there is no peculiar favour evinced to his married daughters; as his sons and sons-in-law are put exactly on a footing, and the •share of the wife is said to be the husband’s. This equality of consideration between daughters and their husbands is common to a particular class, with whom the most usual method of evidencing advancements, is to have recourse to notes, obligations, or book entries, to stand against the children when their shares come to be received.
The mortgage is therefore declared not to be a lien on the moneys in court; and it is ordered that the decree of the court in this particular be reversed, and the report of the auditors affirmed.